IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

KYLE HANDY,

               Plaintiff,

v.                                       Civil Action No.: 5:15-CV-01950

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an insurance
company; and OLD REPUBLIC INSURANCE
COMPANY, an insurance company,

               Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Old Republic Insurance Company to Respond to Discovery (Document No. 32.), filed on August 14, 2015. Defendant Old Republic Insurance Company (hereinafter "Old Republic"), by counsel, filed a response (Document No. 35.)  This matter is now ripe for a decision by this Court.

## BACKGROUND

Plaintiff filed his Complaint in the Circuit Court of Raleigh County on January 16, 2015, seeking declaratory judgment and asserting various other claims against the Defendants State Farm Mutual Insurance Company (hereinafter "State Farm") and Old Republic.   State Farm removed this case to District Court on February 19, 2015. (Document No. 1.) Defendant State Farm filed its answer to the Plaintiff's Complaint on February 19, 2015 (Document No. 3.) and Defendant Old Republic filed its Answer on February 24, 2015. (Document No. 4) On March 27, 2015, Plaintiff voluntarily dismissed all of its causes of action against the Defendants except a single declaratory judgment cause of action against each Defendant. (Document No. 7.)   Each

declaratory judgment action against the Defendants seeks a declaration finding that the Defendants failed to make a commercially reasonable offer of underinsured motorist coverage to its insured, or, in the alternative, failed to obtain knowing and intelligent rejection of underinsured motorist coverage from their insured. (Id. at Document No. 1.)

On May 15, 2015, Plaintiff filed two Certificates of Service indicating service of Plaintiff's First Set of Interrogatories to Defendant Old Republic and Plaintiff's First Set of Requests for Production of Documents to Defendant Old Republic. (Document Nos. 13 and 14.)

On July 15, 2015, Old Republic filed its Notice of Service indicating it answered the Plaintiff's discovery. (Document No. 29.)

Plaintiff filed his Motion to Compel Defendant Old Republic to Respond to Discovery on August 14, 2015. (Document No. 32.)   Defendant Old Republic responded on August 31, 2015. (Document No. 35.)   Counsel for Plaintiff and Defendant Old Republic filed their respective affidavits pursuant to Fed. R. Civ. P. 37(a)(1). (Document Nos. 33 and 39.)

In his Motion to Compel, Plaintiff asserts that Old Republic failed to fully and adequately respond to discovery. Plaintiff argues that Old Republic has relied on general objections, boilerplate objections, objections that the discovery requests are overly broad and unduly burdensome or are vague and irrelevant. Furthermore, Plaintiff contends that Old Republic has failed to disclose documents alleging that the documents are protected from disclosure due to attorney-client privilege and attorney work product, but that Old Republic has failed to follow the requirements of Fed. R. Civ. P. Rule 26(b)(5) regarding privilege logs. (Document No. 32.) Plaintiff further asserts that Defendant Old Republic has failed and refused to answer or produce documents in response to specific discovery requests (Id.) Plaintiff complains that Old Republic

answers several discovery requests with a statement of "no responsive information." (Document 32 at beginning at ¶ 15.) Finally, Plaintiff objects to the fact that Old Republic "produced over 1,200 pages of documents without specifying which may be responsive to which request" and seeks an Order from this Court requiring Old Republic to identify the 1,200 pages by Bates numbers or other identifying information. (Id. at ¶¶ 32 and 34.)

## ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an interrogatory or produce a document, the discovering party may move for an Order compelling the answer. See Fed. R. Civ. P. 37(a)(3)(B) Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a) (1) Rule 37 also provides that when a Motion to Compel is granted, the court "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the nondisclosure was substantially justified or an award of expenses would be unjust. Fed. R. Civ. P. 37(a) (5) (A) (Emphasis added) Rule 26(b) (1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The scope of discovery therefore, is limited to nonprivileged information that is relevant to any party's claim or defense. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S.Ct. 2380, 2390, (1978) Although evidence need not be admissible at trial, "[d]iscovery of matter 'not reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)" Id.

Rule 26(b)(5)(A) states:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Rule 33(b) of the Federal Rules of Civil Procedure provides that answers and objections to Interrogatories shall be made as follows:

> (b) **Answers and Objections**.
> (3) ***Answering Each Interrogatory***. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> (4) ***Objections***. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
> (5) ***Signature***. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Similarly, respecting Requests for Production of Documents, Rule 34(b)(2) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Procedure**.
> (2) ***Responses and Objections***.
> …
> (B) *Responding to Each Item*. For each item or category, the response must either state that inspection and related activities will be permitted as

4

requested or state an objection to the request, including the reasons.

(C) *Objections*. An objection to part of a request must specify the part and permit inspection of the rest.

(D) *Responding to a Request for Production of Electronically Stored Information*. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form – or if no form was specified in the request – the party must state the form or forms it intends to use.

(E) *Producing the Documents or Electronically Stored Information*. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

> (iii) A party need not produce the same electronically stored information in more than one form.

"Generic, non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." VICA Coal Co., Inc. v. Crosby, 212 F.R.D. 498, 503 (S.D. W.Va. 2003)

5

## Unresolved Discover disputes between the
## Plaintiff and Old Republic with regard to Interrogatories

Plaintiff's **Interrogatory No. 4** and Old Republic's Answer are as follows:

> "For each Old Republic employee, agent or servant identified above, please state the training and education received by that person concerning the offer of uninsured and/or underinsured motorist coverage to Old Republic insureds and the dates any such training was provided from 2010 to present.
>
> **ANSWER**: **No responsive information.**"

(Document No. 32-1.)

Plaintiff's Motion to Compel alleges that the answer is unclear as to "whether Old Republic asserts that no such information is available to it, or whether the response is indicated to state that Old Republic provided no training and education to the individuals identified." (Document No. 32 ¶ 15.)

Subsequent to receiving Plaintiff's Motion to Compel, Old Republic, by counsel, corresponded (Document No. 35-1) with Plaintiff's counsel on August 24, 2015 as follows:

> No. 4
>
> Although I believe the response to this Interrogatory was unequivocally clear, I will clarify it for (sic) since you did not appear to understand the response. The response should be read as "no specific training." However, as indicated in Defendant's Responses to Production, there are generalized training documents that have already been produced.

Plaintiff's Counsel replied (Document No. 35-2) to Old Republic via email on August 28, 2015:

> Interrogatory No. 4: If training documents exist, which were produced, please identify those documents by appropriate Bates No. The response which merely stated "no responsive information" was misleading if in fact documents were produced which contained responsive information.

6

Old Republic's initial answer to Interrogatory No. 4 was unclear at best and inherently non-responsive at worst.   While Counsel for Old Republic asserts that the initial answer was "unequivocally clear", he goes on to clarify that the response should have said "no specific training" and further asserts general training documents were produced. (Document No. 35-1.) However, Old Republic fails to specify which of the 1,200 pages of documents produced were responsive to the interrogatory.   The undersigned is hard-pressed to find that Old Republic's original answer and supplementation "fully" answered Interrogatory No. 4. In view of Defendant Old Republic having failed to properly answer the interrogatory, the undersigned **GRANTS** Plaintiff's Motion to Compel (Document No. 32.) respecting **Interrogatory No. 4**. Defendant Old Colony shall be required to reproduce the 1,200 pages of documents and identify the same by Bates numbers that are responsive to Interrogatory No. 4.[1]

Plaintiff's **Interrogatory No. 5** and Old Republic's answer are as follows:

If you or any of your agents, servants, contractors, brokers or employees or any one acting on your behalf have had any conversations with the Plaintiff, please provide as follows:
      a.     Date of any such statement or discussion;
      b.     The content or details of any such statement or discussion; and,
      c.     Whether any such statement or discussion was recorded.
**ANSWER: Carl Warren company may have had contact with Plaintiff. No other responsive information.**

(Document No. 32-1.)

Plaintiff's Motion to Compel asserts that Old Republic

fails to provide the information requested by subparts a, b, or c. Further, the portion of the response which states "no other responsive information" is inappropriate. Information regarding

---

[1] See discussion below regarding production of documents pp. 19-24, *infra*.

> whether Carl Warren Company did or did not communicate with Plaintiff is available to Defendant, as is the remainder of the information requested.

(Document No. 32 ¶ 17.)

Old Republic, in response to the Plaintiff's Motion to Compel, supplemented its answer and stated:

> Once again, the response to this Interrogatory was unequivocally clear, but to the extent you require clarification, Old Republic has no further information on any details of the contact between Carl Warren and Plaintiff, separate and apart from any information contained in documents produced.

(Document No. 35-1.)

However, Plaintiff once again asserts that the supplementation by Old Republic is deficient and corresponds to Old Republic via email on August 28, 2015 by stating: "<u>Interrogatory No. 5</u>: Your correspondence indicates that documents produced contain responsive information. However, no documents were identified in your response. Please identify responsive documents by Bates Nos." (Document No. 35-2.)   Old Republic asserts in its brief that

> With regard to Interrogatory No. 5, Plaintiff requested information on anyone having conversations with Plaintiff. Despite the fact this information is clearly already in Plaintiff's possession, Defendant indicated McKesson's Third Party Administrator, Carl Warren Company, may have had contact with Plaintiff. … Defendant also produced information in its possession from Carl Warren Company. … Despite Plaintiff's protests otherwise, Defendant submits that these responses  meet the spirit and substance  of compliance with the Federal Rules of Civil Procedure.

(Document No. 35.)

The undersigned cannot fathom how Old Republic's initial answer to Interrogatory No. 5 fully answered that specific interrogatory nor how it met "the spirit and substance" of the rules. Furthermore, Old Republic's supplementation indicates documents were produced but did not

specify in any reasonable way which of the 1,200 pages specifically applied to that interrogatory. The undersigned finds that Old Republic's assertion that the original answer was "unequivocally clear" is disingenuous.   Once again, the undersigned is hard-pressed to find that Old Republic's original answer and supplementation "fully" answered Interrogatory No. 5. In view of Defendant Old Republic having failed to properly answer the interrogatory, the undersigned **GRANTS** Plaintiff's Motion to Compel (Document No. 32.) respecting **Interrogatory No. 5**. Defendant Old Colony shall be required to answer the subparts and shall reproduce the 1,200 pages of documents and identify the same by Bates numbers that are responsive to Interrogatory No. 5.

The undersigned next turns to the issues surrounding Plaintiff's Interrogatory Nos. 8, 9 and 10 and Old Republic's responses as follows:

> 8. Please state whether you have ever been named as a defendant in West Virginia in any civil action during the past ten (10) years concerning a first-party claim involving uninsured or underinsured motorist coverage including, but not limited to, a claim that Old Republic's offer of uninsured and/or underinsured motorists coverage was not made in a commercially reasonable manner.   If so, then please state:
> > a.       The court style and civil action number of the civil action;
> > b.       The name(s) of the plaintiff(s) involved; and,
> > c.       The results or the final resolution, if any, of the civil action.
>
> **ANSWER: Objection. This request seeks information that is available through public records, and thus seeks to impose a burden upon the Defendant that is greater than allowable under the Civil Rules.**
>
> 9.       Please state whether you have ever been named as a defendant in West Virginia in any civil action during the past ten (10) years concerning allegations of bad faith and/or violations of the West Virginia UTPA or West Virginia insurance regulations.   If so, then please state:

9

a.      The court style and civil action number of the civil
action;
b.      The name(s) of the plaintiff(s) involved; and,
c.      The results or the final resolution, if any, of the civil
action.

**ANSWER: Objection. This request seeks information
that is available through public records, and thus seeks
to impose a burden upon the Defendant that is greater
than allowable under the Civil Rules.**

10.      Please state whether you have ever been named as a defendant
in any state or jurisdiction other than West Virginia during the past
five (5) years concerning allegations of bad faith or violations of state
law or state insurance regulations.   If so, then please state:

a.      The court style and civil action number of the civil
action;
b.      The name(s) of the plaintiff(s) involved; and,
c.      The results or the final resolution, if any, of the civil
action.

**ANSWER: Objection. This request seeks information
that is available through public records, and thus seeks to
impose a burden upon the Defendant that is greater than
allowable under the Civil Rules.**

(Document No. 32-1.)

Plaintiff's Motion to Compel states: "In response to Interrogatory Nos. 8, 9, and 10,

Defendant incorrectly states that the Civil Rules do not require Old Republic to provide information

which is available through public records. This is not the standard or the scope of discovery contained

within the Federal Rules." (Document No. 32.)   In response, Old Republic's Counsel supplemented

the answers as follows:

No. 8

No.

No. 9

10

No.

No. 10
In addition to the previous objection, this request is not calculated to lead to relevant or admissible evidence. As you know, there is only one claim pending against Old Republic. In that regard, your client seeks a declaratory judgment against Old Republic that Old Republic must provide underinsured insurance coverage to your client. As I am sure you are aware, whether a commercially reasonable offer was made and a knowing and informed rejection received is an inquiry peculiar to each insured. *Martin v. State Farm Mut. Auto. Ins. Co.,* 809 F. Supp. 2d 496 (S.D.W. Va 2011).

Whether or not Old Republic has been named as a defendant in a state or jurisdiction other than West Virginia relative to allegations of bad faith or violation of insurance laws has no bearing whatsoever on the issue in this present case.

(Document No. 35-1.)

Plaintiff's Counsel, via email, responded to Old Republic's supplementation on August 28,

2015, as follows:

Interrogatory Nos. 8 and 9 is the response "no" Defendant will not supplement, or "no" defendant has (sic)

Interrogatory No. 10: Your attempt to make additional objections is inappropriate, as objections not made at the time of responding are waived. This interrogatory remains in issue, as no substantive response has been provided.

(Document No. 35-2.)

Old Republic, in its *Brief in Opposition* asserts:

With regard to Interrogatory Nos. 8 & 9, Defendant properly responded to these interrogatories. Plaintiff's attempt to misinterpret Defendant's supplemental responses should be disregarded. (Ex. 1 & 2). It is clear Defendant provided supplementary responses of "no" to the interrogatories (and not that Defendant was stating "no" it would not provide any additional response).
With regard to Interrogatory No. 10, Plaintiff sought information about cases outside of West Virginia where Defendant had been named as a defendant in a bad faith or violation of

11

> insurance law claim. Based on *Martin v. State Farm Mut. Auto. Ins. Co.,* 809 F. Supp. 2d 496, 510 (S.D.W. Va 2011), this information is clearly irrelevant to the current claim at issue. Notwithstanding the clear case law on this issue, Defendant will supplement its response to state 'no.'

(Document No. 35 at page 3.)

With regard to Interrogatories No. 8 and 9, the undersigned once again finds that Old Republic has failed to answer the interrogatories properly.  First, the initial objection by Old Republic is non-responsive.  Furthermore, it is unreasonable to respond by suggesting that the Plaintiff should search every other jurisdiction in the country to find out if Old Republic was sued for similar conduct.  Clearly, Old Republic has that information and can answer it readily as contemplated by the Rules. Second, the supplemental answers of "No" to both of the interrogatories are confusing, non-responsive and provide no further clarity on the issue.

Old Republic's approach to discovery issues in this case, as evidenced by the pleadings filed regarding the instant matter, is troubling.   Old Republic's responses were disingenuous and indicated an intent to act in a manner inconsistent with the expectation that parties would act in good faith as contemplated by the Rules is troubling.   The same could be said of Old Republic's response to Interrogatory No. 10, however, the undersigned agrees with Old Republic that, in light of Plaintiff's voluntary dismissal of all other claims, but for the declaratory judgment actions, the interrogatory is irrelevant.

In view of Defendant Old Republic having failed to properly answer the interrogatories 8 and 9, the undersigned **GRANTS** Plaintiff's Motion to Compel (Document No. 32.) respecting **Interrogatory Nos. 8 and 9**. However, the Court hereby **DENIES** the motion to Compel with regard to **Interrogatory No. 10**.

Plaintiff's **Interrogatory No. 13** and Old Republic's answer state:

> 13. Please identify the name, job title and business address of the Old Republic employee(s) who made the decision or determination to deny the plaintiff's claim for underinsured motorist coverage regarding the March 26, 2013, motor vehicle accident.
> **ANSWER: There was no specific decision to deny Plaintiff's claim for underinsured motorist coverage. Rather, Doug Ebben of Old Republic reviewed the policy and noted that the insured did not elect Underinsured Motorist Coverage.**

(Document No. 32-1.)

Plaintiff's Motion to Compel on this matter states at ¶ 25:

> Interrogatory No. 13 sought the job title and business address of any Old Republic employee identified. The same was not provided.

(Document No. 32.)

Old Republic replied to Plaintiff's Motion to Compel on this issue by supplementing as follows:

> No. 13.
> As indicated in the response, there was no employee of Old Republic who made a decision to deny Plaintiff's claim for underinsured motorist coverage. Providing the name of the person who noted that the insured did not elect Underinsured Motorist Coverage was done in an attempt to provide a full and fair response. As such, there is no job title and business address of "the Old Republic who made a decision to deny Plaintiff's claim for underinsured motorist coverage" to provide.

(Document No. 35-1.)

However, Plaintiff continues to insist that: "As the supplement did not provide the job title or business address of the employee identified, this interrogatory remains in issue." Document No. 35-2.).  Finally, Old Republic in its *Brief in Opposition* states:

> With regard to Interrogatory No. 13, Plaintiff sought information on Defendant's employee who "made the decision or

13

> determination to deny Plaintiff's claim..." Defendant unequivocally
> responded that no such determination was made. Rather, the policy
> itself dictated the coverage available. …In an abundance of caution
> and for purposes of full disclosure, Defendant also stated that its
> employee reviewed the policy and conveyed the information
> contained in the policy. ... Unfortunately, Plaintiff somehow still
> believes the response is inadequate. Plaintiff's position is without
> merit and no further information on this issue should be required.

(Document No. 35 at Page 4.)

The undersigned emphatically agrees with Old Republic that the answer by Old Republic is clear and responsive.  While the answer did not give the job title of Doug Ebben, this Court notes that by Old Republic identified Mr. Ebben in its response to Interrogatory No. 1 as a "Sr.-Claims Specialist with Old Republic Risk Management".   It is simply unreasonable for Plaintiff to have filed a Motion to Compel as it relates to the job title of Mr. Ebben when his job title was clearly set forth in the answer to Plaintiff's Interrogatory No. 1.   Therefore, the Court hereby **DENIES** Plaintiff's Motion to Compel as it relates to **Interrogatory No. 13**.

## Unresolved Discovery Disputes between the Plaintiff and Old Republic with regard to Requests for Production of Documents

The disputes between the Plaintiff and Defendant, Old Republic, regarding the Plaintiff's Requests for Production of Documents, can be categorized as two separate issues. First, Plaintiff objects to the manner in which Counsel for Old Republic has asserted privileges with regard to Request Nos. 1 and 15.  Plaintiff argues that Old Republic has not followed the rules regarding how privileges, asserted by Old Republic, are raised.   Specifically, Plaintiff complains that Old Republic failed to file a privilege log and subsequently filed two privilege logs that were "not sufficient." (Document No. 35-2.)   Second, Plaintiff objects to the manner in which Old Republic produced over 1,200 pages of documents without reference to which discovery requests the

documents were being produced.  The Plaintiff suggested that the documents be identified by "Bates" stamping and that the specific Bates stamped pages be further referenced to the specific discovery response (e.g. Request "x", see Bates stamp Nos. 1-5.)

### a. Privilege Logs

The Plaintiff's issues regarding privilege logs relate to his Requests for Production of Documents Nos. 1 and 15 and Old Republic's responses as follows

> 1. Please produce a true, complete, accurate and authentic copy of the entire claims file, written or electronic, concerning the plaintiff's claim and the March 26, 2013, automobile accident referenced in the Complaint.

> **RESPONSE**: Objection. The requested materials are protected by attorney work product, attorney-client privilege and/or prepared in anticipation of litigation.

> …

> 15. Please produce a true, complete, accurate and authentic copy of any engagement or other letter outlining or detailing the scope of the duties regarding ay (sic) attorney or law firm (outside or Old Republic) and concerning any work or opinions provided by said attorney or law firm relative to plaintiff's claim involving March 26, 2013, automobile accident.

> **RESPONSE**: Objection, this request invades the attorney-client privilege and the work product doctrine.

(Document No. 32-2.)

Plaintiff, in his Motion to Compel, argues that the Old Republic failed to include a privilege log with regard to these requests and specifically states:

> The attorney-client privilege and attorney work product doctrine were asserted in response to Request for Production Nos. 1 and 15. This objection, in the absence of a privilege log is an improper objection. Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is

> privileged or subject to protection as trial-preparation material, the party must: expressly make the claim; and *describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.*" Fed. R. Civ. P., Rule 26 [2010]; *see also Susko v. City of Weirton*, 2011 WL 98557 (N.D.W.Va. January 12, 2011).

(Document No. 32 at ¶ 29.)

Old Republic responded to the Plaintiff's Motion to Compel by letter to Plaintiff's Counsel

on August 24, 2015, and stated:

> ### Requests for Production
> No. 1
> See attached privilege log
> …
>
> No. 15
> See attached privilege log

(Document No. 35-1).

The "attached privilege log" consisted of a single page and statement, in its entirety as

follows:[2]

> Privilege Log
>
> Communications between Old Republic and counsel since inception of lawsuit and information intended for counsel.

Plaintiff's Counsel responded to the August 24, 2015, letter from Old Republic's Counsel

via email dated August 28, 2015, and stated:

> Request Nos. 1, 15
> The privilege log provided is not sufficient under the Rules of Civil Procedure to allow the Court to review the documents and make a ruling on the applicable privilege and protections, nor is it specific

---

2 The Court notes that the privilege log was not filed with the Court and is not part of the Court's docket.   The Court requested of its law clerk to contact counsel for both parties to obtain copies of the initial privilege log and the supplemental privilege log that will be discussed below. Plaintiff's Counsel responded by providing PDF copies of both privilege logs submitted by Old Republic.

enough to allow Plaintiff's counsel to determine if a request to have the documents reviewed is necessary.   A privilege log must identify the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted. *Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235 (<u>S.D.W.Va</u>. 2014).  Failure to provide an adequate privilege log may constitute waiver of any asserted privileges. *Id.* (internal citation omitted).

(Document No. 32-2.)

In Old Republic's *Brief in Opposition* to Plaintiff's Motion to Compel, Old Republic states:

With regard to Requests for Production Nos. 1 & 15, Defendant asserted privilege with respect to varying documents. Plaintiff requested a privilege log and Defendant complied. (Ex. 1). Plaintiff asserted the privilege log was inadequate. Defendant is providing a supplemental privilege log that can be addressed in Plaintiff's Reply Brief.

(Document No. 35.)

Old Republic's "supplemental privilege log" consisted of one page and stated the following

in its entirety:

Privilege Log
Claim note emails (Bates Numbered ORRM 01370 – 1402) between Jane Leonard (Carl Warren and Company), Kristi Lawson (McKesson), Doug Ebben (Old Republic), and Anthony Catanzarite (Reminger Co. LPA) dating from 10-2-13 through 2-10-15 regarding the receipt of the claim from Plaintiff, contact with Plaintiff's counsel, receipt of lawsuit, and retention of counsel.[3]

It is obvious that Old Republic's assertion of privilege fails to comply with Rule 26 of the

Federal Rules of Civil Procedure and this Court's previous ruling on this very issue as laid out in

the case cited by Plaintiff wherein this Court held:

Rule 26(b)(5)(A) provides as follows respecting the withholding of information considered privileged:

---

3  See Footnote 2, above.

> *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**A privilege log must contain "specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identified the nature of each document, the date of its transmission or creation, the author and recipients, the subject and the privilege asserted."** *Clark v. "Unum Life Ins. Co. of America,* 799 F.Supp.2d 527, 536 (D.Md.2011), *quoting N.L.R.B. v. Interbake Foods, LLC,* 637 F.3d 492, 502 (4th Cir.2011) (Footnote omitted.) A summary of the specific facts underlying the assertion of the privilege respecting each of the documents or category of documents withheld and an adequate explanation of why each document or category of documents withheld as privileged are required. The Rule 26 Advisory Committee Notes, 1993 Amendments, state that "[t]o withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." *See also Herbalife Intern., Inc. v. St. Paul Fire and Marine Ins. Co.,* 2006 WL 2715164 (N.D.W.Va.)("Failure to timely produce or production of an inadequate privilege log may constitute a waiver of any asserted privileges. However, some courts have held that the waiver of a privilege extends only to those cases in which the offending party committed unjustified delay, inexcusable conduct or bad faith in responding to discovery." (Citations omitted.)) Sanctions under Rule 37(b)(2) include the requirement that "the court ... order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C). (Emphasis added.)

Westfield Ins. Co. v. Carpenter Reclamation, Inc., 301 F.R.D. 235, 246-47 (S.D.W.Va. 2014)

Counsel for Old Republic, even after having been provided the above referenced authority, failed to heed to the dictates of the Rules and the case law on this issue.   Of the two privilege logs submitted by Old Republic, neither comply with the Rules or case law.   Simply put, Old Republic's counsel ignored the requirements of the Rules and the procedures set forth therein. There is no question that Plaintiff's Motion to Compel is justified in this instance.   Had Old Republic followed the proper procedures and requirements as outlined above when it submitted its supplemental privilege log, the undersigned could have overlooked Old Republic's initial failure to follow the rules.   However, Old Republic continued to obstruct the orderly process of discovery and the spirit and intent of the rules, in spite of having the appropriate procedure outlined by the rules and recent case law, necessitating Plaintiff to resort to the Court to remedy Old Republic's blatant disregard of the rules.   In view of Old Republic having failed to properly comply with the rules, the undersigned **GRANTS** Plaintiff's Motion to Compel (Document No. 32.) respecting **Requests for Production of Documents Nos. 1 and 15**.

Having concluded that Old Republic's privilege log does not meet the dictates of Rule 26(b)(5)(A), the undersigned must consider whether the "extreme sanction of waiver" is appropriate in this case. *See Westfield Ins. Co.,* 301 F.R.D. at 248. Federal courts have typically found waiver appropriate where unjustified delay, inexcusable conduct, or bad faith are present. *Id.* at 247. While Old Republic should have realized its document descriptions were inadequate, the undersigned finds that the current circumstances do not justify application of the harshest remedy. Accordingly, the Court **FINDS** that waiver of privilege related to the withheld documents is not an appropriate sanction at this juncture. Instead, the Court **ORDERS** Old Republic to supplement the privilege log with more detailed descriptions of the withheld documents in

accordance with Federal Rule of Civil Procedure 26(b)(5)(A), so that Plaintiffs may "make an intelligent determination about the validity of the assertion of the privilege," by Old Republic. *Auto. Club of N.Y., Inc.,* 2014 WL 2518959, at *5. Old Republic is **ORDERED** to provide the updated privilege log to Plaintiffs within **ten (10) days** of the entry of this Order.

### b. 1,200 pages of Documents

The remaining disputes, regarding **Requests for Production of Documents Nos. 2-14, 16, 17, 23 and 24**, all concern the mass disclosure of over 1,200 pages of documents by Old Republic in response to the Plaintiff's discovery. (Document No. 32 ¶¶ 32-36).   Plaintiff essentially requests that Old Republic identify by "Bates" numbers which of the particular documents are responsive to the specific discovery request.

Old Republic, by letter of counsel dated August 24, 2015, in response to Plaintiff's Motion to Compel, stated as follows:

> With respect to your issues with the responsive documents, as you know, Civ. R. 34 requires a party must "produce documents as they are kept in the normal course of business or must organize and label them to correspond to the categories in the request." My understanding is these documents were produced in the form in which they are kept in the normal course of business (obviously absent the bates labeling that was added).

(Document No. 35-1.)

Plaintiff reiterated the problem with receiving the mass production of documents without specifying which document was responsive to which request via email dated August 28, 2015, as follows:

> Request Nos. 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 23, 24
> Your correspondence is correct.  Documents provided in response to a singular request may be produced in the fashion noted.   However, 1,200 pages of documents may not be produced, with no indication as to which documents are responsive to which request.

20

<u>Request Nos. 3 and 6</u>
Please see the above statements regarding identifying responsive
documents by request.

(Document No. 35-2.)

Old Republic, in its *Brief in Opposition* stated:

> With regard to Requests for Production Nos. 2, 3, 4, 5, 6, 7, 8, 9,
> 10, 11, 12, 13, 14, 16, 17, 23, 24, Plaintiff requested certain
> documents and other tangible items. Pursuant to the clear language
> of Rule 34 of the Federal Rules of Civil Procedure, Defendant
> produced the documents "as they are kept in the normal course of
> business." While Plaintiff agrees that Defendant is correct in this
> assertion, Plaintiff seeks to impose an additional burden not
> contemplated by the Federal Rules of Civil Procedure. … In that
> regard, despite the clear language of the rule, Plaintiff essentially
> seeks to compel Defendant to "organize and label them to
> correspond to the categories in the request." Given that Civ.R. 34
> clearly states a party may either produce documents as they are kept
> in the ordinary course of business **OR** organize and label them,
> Plaintiff's request to compel Defendant in this regard is without
> merit and should be denied.

(Document No. 35 at p. 4.)

Essentially, Old Republic asserts that it produced over 1,200 pages in the same manner in
which Old Republic "kept [them] in the ordinary course of business" and therefore pursuant to the
rules, Old Republic is not required to "organize and label" the documents any further.  Fed. R.
Civ. P. 34. However, this Court finds it very unlikely that Old Republic keeps the records in the
same manner as produced to the Plaintiff.   A District Court in New York faced with a similar
scenario found as follows:

> The most obvious means of complying with the requirement of Rule
> 34(b) to produce documents as they are kept in the usual course of
> business is to permit the requesting party to inspect the documents
> where they are maintained, and in the manner in which they are

21

> organized by the producing party. It logically follows that when production occurs by means other than permitting the demanding party access to the original records as they are organized and maintained by the responding party, such as by instead choosing to copy the documents and produce the duplicates, they must be organized in such a way that the system utilized by the producing party is replicated; in other words, the documents should be produced, organized and labeled and, if appropriate, indexed just as they are maintained by the producing party.

*Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 336 (N.D.N.Y. 2008).

As in this case, the moving party in *Pass & Seymour* faced a similar problem with the mass production of documents.   Specifically, that Court noted: "The production by P & S of 405,367 pages of documents devoid of any index or table to help illuminate the organizational regime utilized by P & S falls short of meeting the obligations imposed under Rule 34(b)(2)." Id.

Similarly, a United States District Court in Kansas dealing with 3,000 pages of documents that were disclosed in similar fashion to the case at bar found:

> Upon review of the pleadings and exhibits submitted by the parties in conjunction with this motion, the Court finds no information about the manner in which the referenced documents were produced; i.e., where these documents were maintained or who maintained them and whether the documents came from one single source or file or from multiple sources or files. In short, Plaintiff fails to provide the Court with any information, let alone evidentiary proof, to establish that the documents were produced as kept in the ordinary course of business.
>
> Rule 34 does not explain what it means to produce documents "as they are kept in the usual course of business." The Court, however, finds the facts here very similar to the facts in *Cardenas v. Dorel Juvenile Group, Inc.* In *Cardenas*, this Court held that a party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner and that a mere assertion that they were so produced is not sufficient to carry that burden.

In light of the foregoing, the Court finds that Plaintiff has not met his burden to establish that he produced these documents "as they are kept in the usual course of business." Because Plaintiff did not do so, he should have organized and labeled them to correspond with the categories in each request, as required by Rule 34(b). As the documents already have been provided, the easiest way for Plaintiff to comply with the "organize and label" requirement is for Plaintiff to identify by bates number which documents are responsive to each request. **To that end, Plaintiff will be ordered to serve amended discovery responses to those requests that he responded to by referring to "previously produced" documents, and will be further ordered to identify by bates stamp number which documents are responsive to which requests**.

*Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540-41 (D. Kan. 2006) (Emphasis added).

Similarly, this Court hereby **FINDS** that Old Republic has not sustained its burden of showing that the 1,200 pages of documents disclosed to the Plaintiff were disclosed "as they are kept in the usual course of business." The undersigned hereby **GRANTS** Plaintiff's Motion to Compel (Document No. 32.) respecting **Requests for Production of Documents Nos. 2-14, 16, 17, 23 and 24**.   Therefore, this Court **ORDERS** that Old Republic shall have 10 days from entry of this Order to serve amended discovery responses by reproducing the said documents with bates stamp numbers and is further **ORDERED** to identify by bates stamp numbers which documents are responsive to which requests.

The undersigned is troubled by the manner in which Old Republic and its counsel responded to the discovery requests and motion to compel that forms the subject of this Order. Old Republic's counsel failed to follow the spirit and intent of the rules and further failed to follow case law that clearly set forth appropriate procedures to comply with the rules.   The Court notes that there are further discovery disputes filed in this matter by the Plaintiff against Old Republic. (See Document Nos. 66 and 67.)   Old Republic would be wise, in light of this Court's Order

herein, to re-evaluate any outstanding discovery disputes to determine if any outstanding issues, similar to the ones in this Order, can be corrected and mooted without further action by the undersigned[4].   Should similar matters be outstanding that are not rectified by the parties in the fashion outlined herein and should the undersigned be required to resolve those outstanding issues, the undersigned will consider imposing sanctions under Rule 37(b).   However, as it relates to this matter presently pending before the Court, Rule 37(a)(5)(A) provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> > **(iii)** other circumstances make an award of expenses unjust.

The Court notes that Old Republic's counsel indicated in his Affidavit that he attempted to contact Plaintiff's counsel at noon on August 14, 2015, the date that Plaintiff had set for compliance, after which the Plaintiff would file a Motion to Compel. (Document No. 39.) Plaintiff's Counsel, in her affidavit indicated that her letter outlining the dispute "invited a response no later than August 14, 2015." (Document No. 33.)   Old Republic's counsel appears to suggest that he did not have an opportunity to attempt to resolve the matter in good faith because Plaintiff filed the Motion to Compel before the end of the deadline set by Plaintiff.   However, after having

---

4 Should the parties be able to resolve any outstanding discovery issues presently pending before the Court, the parties are advised to promptly file an appropriate motion noting that the outstanding motions have been mooted.

detailed the responses by Old Republic subsequent to the August 14, 2015 deadline as set forth above, this Court **FINDS** that Old Republic did not attempt in good faith to resolve the dispute. Furthermore, contacting Plaintiff's Counsel at noon on the potential last day to resolve the dispute also does not evidence intent to act in good faith.

Therefore, it is hereby **ORDERED** that Plaintiff shall have through and including **February 15, 2016,** in which to file an Affidavit of reasonable fees and costs incurred in making and arguing their Motion to Compel, as well as any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243–44 (4th Cir.2009). Within **fourteen (14) days** after Plaintiffs have filed the aforementioned documents, Old Republic shall file a response either agreeing to the amount requested, or objecting to specific fees or costs. Old Republic is hereby notified that the failure to file a response shall be deemed an agreement with the representations and arguments of Plaintiffs.

Based on the discussion above, Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part as specifically set forth below:

1) Plaintiff's Motion to Compel regarding **Interrogatory Nos. 4, 5, 8, and 9** are **GRANTED** and Old Republic is **ORDERED** to provide the discovery consistent with this Order to Plaintiff within **ten (10) days** of the entry of this Order.

2) Plaintiff's Motion to Compel regarding **Interrogatory Nos. 10 and 13** are **DENIED**.

3) Plaintiff's Motion to Compel regarding **Requests for Production of Documents Nos. 1 and 15** concerning Old Republic's Privilege Logs is **GRANTED** and Old Republic is **ORDERED** to provide the updated privilege logs, consist with this Court's Order, to Plaintiff within **ten (10) days** of the entry of this Order.

4) Plaintiff's Motion to Compel regarding **Requests for Production of Documents Nos. 2-14, 16, 17, 23 and 24**, is **GRANTED** and **ORDERS** Old Republic shall have 10 days from entry of this Order to serve amended discovery responses by reproducing the said documents with bates stamp numbers and is further **ORDERED** to identify by bates stamp numbers which documents correspond to which requests.

5) Plaintiff shall have through and including **February 15, 2016,** to file his Affidavit and supporting documentation for fees and expenses. Defendant shall have **14 days** to file a response either agreeing to the amount requested, or objecting to specific fees or costs.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Irene Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER: January 12, 2016.

Omar J. Aboulhosn
United States Magistrate Judge