IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

KYLE HANDY,

              Plaintiff,

v.                                    Civil Action No.: 5:15-CV-01950

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an insurance
company; and OLD REPUBLIC INSURANCE
COMPANY, an insurance company,

              Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's, State Farm Mutual Automobile Insurance Company's (hereinafter "State Farm"), Motion for Protective Order to limit the scope of the Plaintiff's Rule 30(b)(5)/(6) deposition of State Farm. The Court conducted a recorded, telephonic hearing on State Farm's motion on February 9, 2016 with R. Carter Elkins, Esq. appearing on behalf of State Farm and Stephen P. New, Esq. and S. Douglas Adkins, Esq. appearing on behalf of the Plaintiff.

## BACKGROUND

Plaintiff filed his Complaint in the Circuit Court of Raleigh County on January 16, 2015, seeking declaratory judgment and asserting various other claims against the Defendants State Farm Mutual Insurance Company (hereinafter "State Farm") and Old Republic Insurance Company. State Farm removed this case to District Court on February 19, 2015. (Document No. 1.) Defendant State Farm filed its answer to the Plaintiff's Complaint on February 19, 2015 (Document No. 3.) and Defendant Old Republic filed its Answer on February 24, 2015. (Document No. 4) On March 27, 2015, Plaintiff voluntarily dismissed all of its causes of action against the Defendants except a

single declaratory judgment cause of action against each Defendant. (Document No. 7.)  Each declaratory judgment action against the Defendants seeks a declaration finding that the Defendants failed to make a commercially reasonable offer of underinsured motorist coverage to its insured, or, in the alternative, failed to obtain knowing and intelligent rejection of underinsured motorist coverage from their insured. (Id. at Document No. 1.)

On November 11, 2015, Plaintiff filed his "Notice of 30(b)(5)/(6)" deposition upon State Farm. (Document No. 62.)   State Farm filed its Motion for Protective Order and its memorandum in support on November 13, 2015. (Document Nos. 63 and 64.) Plaintiff responded on November 25, 2015. (Document No. 68.)   State Farm filed its reply to Plaintiff's opposition to the Motion for Protective Order on November 30, 2015. (Document No. 70.)

In its Motion for Protective Order, State Farm sought protection for two groups of issues: 1) State Farm wanted protection from having to disclose documents; and 2) State Farm wanted to prohibit testimony regarding topics of inquiry listed in Plaintiff's Notice of 30(b)(5)/(6) Deposition, specifically Topics 1 and 4 through 7 of Plaintiff's Notice. During the hearing held on February 9, 2016, Counsel for the parties agreed that no additional document disclosure was necessary[1] and they reached agreement on Topics 1, 4 and 5 that the Court will outline *supra*. However, the parties were unable to resolve Topics 6 and 7.

During the hearing held on February 9, 2016, counsel for State Farm referenced an Order entered by the Honorable Irene Berger, District Court Judge, on October 15, 2015.[2] (Document No. 54.)   Specifically, counsel for State Farm stated as follows[3]:

---

[1] In fact, Counsel for Plaintiff specifically withdrew the request for production in Plaintiff's response to State Farm's Motion for Protective Order. (See Document 68 at p. 2.)

[2] At the time of the hearing, the undersigned did not have a copy of Judge Berger's October 15, 2015 Order and therefore the undersigned relied upon Counsel for the parties to inform the undersigned of the content of that Order.

[3] The February 9, 2016 hearing was recorded by the Court using the Courtsmart system.  The Courtsmart system records the time of day that the recording is taking place as well as the number of minutes into the hearing that the

> **R. Carter Elkins (1:37:42 PM)(04m:55s)**: "…Since the Rule
> 26(a)(1) disclosures were made, **Judge Berger since then has ruled**
> that only the coverage issue contained in the Declaratory Judgement
> Action is at issue…." (Emphasis added.)

> **R. Carter Elkins (2:04:56 PM)(32m:10s)**: "…And that is State
> Farm's objection, because that is claim handling and claim
> investigation, Your Honor, and **under Judge Berger's Order** the
> issue here is whether or not these policies should or should not have
> underinsured motorist coverage on them." (Emphasis added.)

With regard to Judge Berger's October 15, 2015 Order, Judge Berger stated:

> The Court finds that the only **claims** currently pending are those for
> declaratory judgment against each Defendant, to determine whether
> the insurance policies provide **coverage**. Accordingly, expert
> reports related to the Plaintiff's medical condition, expenses, or
> other damages are not relevant to the case in its present posture.

(Document No. 54 at pp. 2-3.) (Emphasis added.) At the time of the hearing on February 9, 2016, the undersigned had not reviewed or read Judge Berger's Order.   The undersigned makes note of the arguments by Mr. Elkins and the portion of Judge Berger's Order for the purpose of setting forth the stark difference between Mr. Elkins' representations concerning the supposed vast restrictions placed on discovery by Judge Berger's Order versus the actual, negligible limitations that the Order outlines.   For example, throughout the February 9th hearing, the Court and counsel for the parties spent a great amount of time distinguishing between "claims handling" issues versus coverage issues.   We did so on the representation of Mr. Elkins that Judge Berger limited the case to discovery of coverage issues only and not claims handling issues.   However, Judge Berger's Order of October 15, 2015 does not place that limitation on this case at all.   Judge Berger's Order merely excluded disclosure of export reports into "Plaintiff's medical condition, expenses, or other

---

statements are made.   The undersigned will endeavor to specify the exact location on the recording, by both the time of day as well as the number of minutes and seconds into the hearing that statements are made that the undersigned considers relevant to the decision in this matter.

damages." With this background in mind, the undersigned will now address the issues raised by State Farm's Motion for Protective Order.

**Analysis**

**Topics 1, 4 and 5**

As indicated above, the parties during the hearing resolved all outstanding issues regarding Topics 1, 4 and 5. Specifically as to Topic 1, the parties agreed that State Farm would identify and produce 4 persons, who are employees of State Farm regarding Topic 1, as limited by Judge Berger's Order of October 15, 2015[4], which excludes inquiry or questioning regarding Plaintiff's medical condition, expenses, or other damages. (See *Courtsmart* at 1:38:50 PM/6m09s).

As to Topic 4, the parties agreed that the scope of the Topic will be limited to inquiry regarding UIM Coverage concerning whether commercially reasonable offers were made for UIM coverage by State Farm and other claims against State Farm for similar litigation arising from the September 30, 1993 mailer. (See *Courtsmart* at 1:57:31 PM/24m46s).

As to Topic 5, the parties agreed to limit the scope to two time periods, namely, September 1993 and May 2009. Therefore, per the parties' agreement, the Plaintiff will be allowed to inquire of the State Farm representative(s), into State Farm's practices, policies, procedures, manuals, or memoranda in effect in September of 1993 and May of 2009. (See *Courtsmart* at 1:58:50 PM/26m06s).

---

[4] When the parties made this agreement, they were operating under the impression that Judge Berger had excluded inquiry into claims handling procedures per Mr. Elkins representations. However, as noted herein, Judge Berger's Order does not place a limitation prohibiting inquiry into claims handling procedures but merely limits expert disclosures or reports regarding Plaintiff's medical condition, expenses or other damages. Therefore, Plaintiff will be allowed to inquire of the 4 witnesses, to be produced by State Farm, as to claims handling procedures as it relates to UIM coverage but will be prohibited from inquiring of the witnesses regarding the Plaintiff's medical condition, expenses or other damages.

**Topic 6**

Pursuant to the Notice of 30(b)(5)/(6) Videotaped Deposition, Plaintiff seeks to inquire of State Farm as follows:

> 6. The decision to deny Plaintiff's claim for underinsured motorist coverage regarding the March 26, 2013, motor vehicle accident, including individuals who were consulted and involved.

(Document No. 62.) State Farm asserts: "[t]his topic has no bearing upon the sole question of whether State Farm made a commercially reasonable offer of UIM coverage and plaintiff made a knowing and informed rejection of that coverage." (Document No. 64 at pp. 8-9.) Plaintiff argues in response that:

> Defendant's defense to the declaratory judgment action asserted in this case has been and continues to be that a commercially reasonable offer and knowing and intelligent rejection of the same were made. Accordingly, Plaintiff seeks discovery regarding the decision to deny coverage and maintains that the same is relevant, as it involved a determination that Mr. Handy had rejected UIM coverage, an issue at the center of this litigation.

(Document No. 68 at p. 4.) State Farm replied that the inquiry goes to claims handling decisions which State Farm argues has no bearing as to "whether commercially reasonable offers of UIM coverage were made to plaintiff in 1993 and in 2009 and whether plaintiff exercised a knowing and informed rejection of those offers." (Document 70 at pp. 7-8.) As noted above, during the oral argument on February 9, 2016, the parties and the undersigned undertook an extensive and lengthy discussion regarding the difference between claims handling decisions and coverage decisions. The discussion came about as a result of State Farm's counsel asserting that Judge Berger prohibited inquiry into claims handling decisions per the October 15, 2015 Order in this matter. (Document No. 54.) In fact, the undersigned, without the benefit of having Judge Berger's Order, directly inquired of State Farm's Counsel as follows:

5

> ***Magistrate Judge Aboulhosn***: **Judge Berger has already ruled that you can't get into claims decision making process, right**?

> ***R. Carter Elkins***: Yes.

> ***Magistrate Judge Aboulhosn***: Ok, so if I say you can't get into claims, and **I am not going to go against Judge Berger obviously**, so if I say this is limited to the coverage issue and you can inquire into coverage, then you guys are going to be arguing whether is this coverage or is this claims.

> ***R. Carter Elkins***: That's correct, Your Honor, and I am going to tell the witness not to answer after that witness says: "I looked at a computer screen and this person had not purchased the coverage".

> ***Magistrate Judge Aboulhosn***: Well isn't the better solution to say answer it but under a reservation of an objection of this goes **beyond the scope of what Judge Berger says you can go into**?

> ***Stephen New***: Yes, Your Honor.

> ***Magistrate Judge Aboulhosn***: I am asking Mr. Elkins.

> ***R. Carter Elkins***: I am not certain your honor because of what is at stake at this upcoming trial if this matter proceeds as scheduled to trial.  Those people would not be able to get on the stand and to testify….

(See *Courtsmart* at 2:19:12 PM/46m27s).(Emphasis added.)

> ***R. Carter Elkins***: …State Farm stands upon its objections to Number 6 **that it is a claims function and is not properly at issue at this stage** **according to Judge Berger's ruling** of October 2015.

(See *Courtsmart* at 2:23:00 PM/50m14s).(Emphasis added.)[5]

      The undersigned emphasizes the above colloquy between counsel and the Court to highlight the fact that State Farm's Counsel, R. Carter Elkins, Esq., represented to the Court that

---

[5] After having read Judge Berger's Order of October 15, 2015, and after having reviewed the recording of the February 9, 2016 repeatedly, the Undersigned requested another telephonically recorded hearing with Counsel for the parties for the purpose of allowing Mr. Elkins to attempt to clarify the glaring discrepancy between what was represented to be Judge Berger's ruling versus what the Order actually held.   The subsequent hearing was held at 3:00 pm on February 10, 2016.

Judge Berger had previously **ruled** that the parties could not "get into claims handling procedures". (**Id**.) Throughout the discussion outlined above, State Farm, through its counsel, Mr. Elkins, **never** corrected the record that Judge Berger **never** made a ruling regarding claims handling procedures at all.   In fact, State Farm, through Mr. Elkins, affirmatively asserted otherwise. Judge Berger merely found that inquiry into the Plaintiff's medical condition and medical bills were not ripe for expert disclosures as the matter of coverage had yet to be resolved.   Nowhere in Judge Berger's October 15, 2015 order does Judge Berger "rule" that the parties cannot get into claims handling procedures.[6] The parties and the undersigned spent much time debating the fine points of distinction of what constitutes claim handling procedures and what constitutes coverage inquiry. State Farm essentially argues that any discussion regarding the decision by State Farm to deny that coverage exists for UIM coverage is a claims handling decision and would be in contravention of Judge Berger's October 15, 2015 Order.

The Court rejects State Farm's argument for multiple reasons.   First, Judge Berger made no ruling limiting the discovery to coverage issues versus claims handling procedures. Judge Berger also did not prohibit inquiry or discovery of claims handling procedures. State Farm's assertions to the contrary, and its failure to correct the record during oral argument, caused the Court to expend valuable time discussing with Counsel about a **non-existent ruling** supposedly made by Judge Berger.   The Court is gravely concerned that Mr. Elkins, as an officer of the Court would attempt to mislead the undersigned as to the contents of Judge Berger's Order. Furthermore, the undersigned is perplexed that Mr. Elkins would fail to state the record correctly

---

[6] In the 24 years of legal experience of the undersigned, both as a lawyer and as a judge, never has the undersigned experienced an occasion where a lawyer has misrepresented the record in such a manner as was done in this case. The undersigned is very troubled by the representations made by Mr. Elkins and the depth Mr. Elkins took the discussion regarding a non-existent ruling by Judge Berger.

and would fail to correct the record when he knew or should have known that Judge Berger never made such a ruling.[7]   Second, the distinction between what is a proper inquiry into coverage questions regarding the decision to deny Plaintiff's claim for UIM coverage versus what is claims handling decisions is not a distinction that is relevant to the inquiry.   State Farm has not produced any persuasive case law or court rule that stands for the principal that claims handling procedures are not relevant when the issue at hand is whether UIM coverage exists.   From the various scenarios posed during the oral arguments on this matter, the Court finds it highly likely that State Farm would object to almost any inquiry of the Plaintiff regarding the decision to deny coverage as being a "claims handling" issue.   The undersigned, for the reasons stated herein, rejects State Farm's arguments for a protective order as to Topic 6.   Therefore, the Court **HOLDS** that Topic 6 is a proper topic of inquiry of the Plaintiff to State Farm and hereby **DENIES** State Farm's Motion for Protective Order as to this Topic.   Furthermore, in order facilitate judicial economy and due to State Farm's representation as to how it would handle the inquiry if State Farm objected to a matter that State Farm believed was "claims handling", this Court hereby **ORDERS** that the procedure the parties will follow at the inquiry, should there be objections, will be as follows:

1. Should State Farm object to an inquiry of the Plaintiff, for example, on the basis that the inquiry goes into claims handling procedures, then State Farm shall note its objection for the record during the inquiry.

2. The witnesses are **ORDERED** to answer the question(s) made by the Plaintiff and objected to by State Farm.

---

[7] This issue is even more troubling when considering the fact that Mr. Elkins failed to correct his representations at the subsequent hearing, held on February 10, 2016, that the Court initiated solely for the purpose of allowing Mr. Elkins the opportunity to correct or to explain away the glaring discrepancies.

3. It is further **ORDERED** that State Farm shall not instruct the witnesses to not answer the question(s).

4. Following the inquiry, State Farm may move, via a Motion in Limine, to have any objectionable answer stricken or limited from being introduced at trial.

5. The Court will then rule on the objection or objections, if any.

**Topic 7**

Pursuant to the Notice of 30(b)(5)/(6) Videotaped Deposition, Plaintiff seeks to inquire of State Farm as follows:

> 7. Formation and interpretation of Policy Number 243 8047-F05-48D insuring Kyle Handy and in effect on March 26, 2013.

(Document No. 62.) State Farm argues:

> It is undisputed that policy 243 8047-F05-48D was in force on the date of loss. The "formation and interpretation" of State Farm policy 243 8047-F05-48D does not pertain to the issue of whether a commercially reasonable offer of UIM coverage was made and whether plaintiff exercised a knowing and informed rejection of that coverage.

(Document No. 64 at p. 9.) Plaintiff succinctly responds: "The formation and interpretation of the policy both bear on the offers of UIM, how State Farm came to conclude that there was no UIM coverage, and whether there is UIM coverage available to Mr. Handy." (Document No. 68 at p. 4.)

The Court **FINDS** that the formation and interpretation of the subject policy regarding UIM coverage is relevant to the case at hand including to the issue of whether a commercially reasonable offer of UIM coverage was made and whether plaintiff exercised a knowing and informed rejection of that coverage. Therefore, the Court **DENIES** State Farm's Motion for a Protective Order as it relates to Topic 7 to the extent that State Farm seeks to prohibit inquiry regarding UIM coverage. However, the Court **GRANTS** the Protective Order as it relates to the formation and interpretation of coverages

other than UIM coverage.

Based on the discussion above, State Farm's Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**.[8]

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Irene Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTERED: February 11, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

---

[8] Per State Farm's request, the undersigned notes State Farm's objections to the Court's rulings regarding Topics 6 and 7.

10