IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KYLE HANDY,

        Plaintiff,

v.                                        CIVIL ACTION NO.   5:15-cv-01950

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and OLD
REPUBLIC INSURANCE COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *State Farm Mutual Automobile Insurance Company's Objections to Memorandum Opinion and Order Entered February 11, 2016* (Document 104) and *Memorandum of Law in Support* (Document 102). The Court has also reviewed the *Motion to Stay Magistrate Judge's Memorandum Opinion and Order Entered February 11, 2016* (Document 103) and the *Memorandum Opinion and Order* (Document 93) entered by Magistrate Judge Omar J. Aboulhosn on February 11, 2016. For the reasons set forth herein, the Court finds that the motion to stay should be denied, and the objections overruled.

### PROCEDURAL HISTORY

The Plaintiff filed his *Complaint* in the Circuit Court of Raleigh County on January 16, 2015, seeking a declaratory judgment and raising various other claims against the Defendants, State Farm Mutual Automobile Insurance Company ("State Farm") and Old Republic Insurance Company ("Old Republic"). State Farm removed the case to this Court on February 19, 2015.

1

(Notice of Removal, at 1) (Document 1.) On March 27, 2015, the Plaintiff voluntarily dismissed all of its causes of action against the Defendants, except for a single declaratory judgment action against each Defendant. (Voluntary Dismissal Order, at 1) (Document 7.) On October 15, 2015, this Court entered an *Order* (Document 54) on various discovery motions, wherein the Court found that the only "claims currently pending are those for declaratory judgment against each Defendant, to determine whether the insurance policies [at issue in this case] provide coverage. Accordingly, expert reports related to the Plaintiff's medical conditions, expenses, or other damages are not relevant to the case in its present posture." (Order, at 2-3.)

The issue presently before the Court began with State Farm's *Motion for Protective Order to Limit Scope of Rule 30(b)(5)/(6) Deposition* (Document 63) and *Memorandum in Support* (Document 64) on November 13, 2015. Therein, State Farm challenged the Plaintiff's *Notice of 30(b)(5)/(6) Videotaped Deposition Duces Tecum of Corporate Representative of Defendant State Farm Mutual Automobile Insurance Company* (Document 62), filed on November 3, 2015. State Farm also claimed it was entitled to a protective order prohibiting testimony sought in topics 1 and 4-7 of the Plaintiff's Rule 30(b)(6) notice.[1] (Def. Mem. in Supp. of Mot. for Prot. Order, at ¶5.) State Farm argued that these topics were not "relevant to any claim or defense of any party." (*Id*.)

---

[1] These topics are:
"1. Discoverable information held by persons listed in the Defendant's Initial Disclosures and/or discovery responses. 4. Information concerning claims or lawsuits against State Farm during the past five (5) years concerning a first-party claim involving underinsured[sic] or underinsured motorist coverage including, but not limited to, a claim or suit alleging or contending that Old Republic failed to make a commercially reasonable offer of uninsured/underinsured motorist coverage to any insured. 5. Defendant's practices, policies, procedures, manuals, or memoranda in effect from 2010-2014 regarding offers of uninsured or underinsured motorist coverage. 6. The decision to deny Plaintiff's claim for underinsured motorist coverage regarding the March 26, 2013 motor vehicle accident, including individuals who were consulted and involved. 7. Formation and interpretation of Policy Number 243 8047-F05-48D insuring Kyle Handy and in effect on March 26, 2013."
(Pl's' Notice of 30(b)(5)/(6) Videotaped Deposition Duces Tecum of Corporate Representative of Defendant Old Republic Insurance Company, at 1-2.)

2

Magistrate Judge Aboulhosn held a hearing on State Farm's motion for a protective order on February 9, 2016. Prior to the hearing, the parties resolved all outstanding issues as to topics 1, 4, and 5. Thus, the only remaining issues concerned topics 6 and 7. During the hearing, State Farm repeatedly asserted that this Court's *Order* of October 15, 2015, barred any further discovery on issues of "claim handling and claim investigation." (Memorandum Opinion and Order, at 2-3.) The Magistrate Judge disagreed, and found that discovery concerning topics 6 and 7 was appropriate.[2] (*Id.* at 8-9.)

Regarding topic 6, the Magistrate Judge noted that "State Farm has not produced any persuasive case law or court rule that stands for the principal that claims handling procedures are not relevant when the issue at hand is whether [uninsured motorist] coverage exists." (*Id.* at 8.) The Magistrate Judge, therefore, granted the Defendants' motion for a protective order as it "relate[d] to the formation and interpretation of coverage other than [uninsured motorist] coverage," but denied the protective order as to topics 6 and 7. (*Id.* at 9-10.) State Farm filed a timely objection to the Magistrate Judge's findings, and that objection is ripe for review by this Court.

---

[2] In objecting to the findings of the Magistrate Judge, State Farm notes that the Magistrate Judge "castigat[ed]" its counsel for "his interpretation" of the Court's October 15, 2015 *Order*. (Def. Mem. in Supp. of Objection, at 2.) The Court finds that the Magistrate Judge's comments regarding counsel in his *Memorandum Opinion and Order* were accurate. The comments properly conveyed, in a professional manner, the Magistrate Judge's displeasure with counsel for his repeated failure to clarify that this Court had *never* ordered that topics related to claims handling were barred from further discovery in this case. After reviewing the transcript of the hearing, the Court has similar concerns about the conduct of counsel, and notes that the Magistrate Judge exercised significant restraint in determining that counsel's conduct did not require the imposition of sanctions. Further, in its *Memorandum in Support* of its objection, State Farm claims that counsel had "no intention" of misleading the Magistrate Judge. (*Id.* at 6.) The Court views this claim with some degree of skepticism given the experience of counsel and given the fact that counsel repeatedly misrepresented the nature of this Court's rulings in responding to unambiguous questions from the Magistrate Judge during two separate hearings.

3

## STANDARD OF REVIEW

The assignment of non-dispositive discovery matters to a Magistrate Judge is governed by Rule 72 of the Federal Rules of Civil Procedure. Rule 72 stipulates that:

> "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Federal Rule of Civil Procedure 72(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va. 1994). Findings of facts by a magistrate judge must be affirmed by the District Court "unless … review of the entire record leaves … the definite and firm conviction that a mistake has been committed." *Clark*, 155 F.R.D. at 548, quoting *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1984). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S.D.W.Va. January 28, 2014) (Chambers, J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S.D.W.Va. Apr. 19, 2013). Thus, the Court will review the Magistrate's legal conclusions to determine if they are contrary to law under a *de novo* standard. *Id*.

**DISCUSSION**

*A. The Court's October 15, 2015 Order*

State Farm argues that claim handing is not relevant to the declaratory judgment claims currently pending before the Court. (Def. Mem. in Supp. of Objections, at 9.) State Farm refers the Court to Federal Rule of Civil Procedure 26(b)(1), which at the time State Farm moved for a protective order, limited discovery to matters "relevant to any party's claim or defense." (*Id.*, quoting Fed.R.Civ.P. 26(b)(1).) In light of this rule, State Farm claims that this Court's *Order* of October 15, 2015, must be read to bar discovery of any matters related to claims handling. (*Id.*) In support of this assertion, State Farm argues that the only evidence relevant in this case concerns its offer of uninsured motorist coverage to the Plaintiff, and the Plaintiff's "rejection of that coverage." (*Id.*)

State Farm fails to properly comprehend the meaning of this Court's *Order* of October 15, 2015. The Court will, therefore, discuss the language of the *Order* in careful detail. The *Order* was issued in response to motions filed by each Defendant to extend expert report deadlines, and to clarify the litigation schedule. In so moving, Defendant Old Republic sought clarification of whether the Plaintiff's "medical and damage issues" would be addressed in this litigation. (Def. Mot. to Extend Expert Report Deadline and Clarification of Litigation Schedule, at 2) (Document 49.) The Court ordered a response from the Plaintiff, which was filed on October 14, 2015. After reviewing the Defendants' motions, and the Plaintiff's response, the Court granted the Defendants an additional seven days to complete their expert disclosures. (Order, at 3.) The Court further found that "the only claims currently pending are those for declaratory judgment against each Defendant, to determine whether the insurance policies provide coverage." (*Id.*) As a result, the

5

Court found that "expert reports related to the Plaintiff's medical condition, expenses, or other damages are not relevant to the case in its present posture." (*Id.* at 3-4.) The Court, therefore, denied any further extensions of time. The *Order* modified the deadline for the disclosure of the Defendants' expert reports, reiterated that the only claim remaining in the case was the Plaintiff's claim for a declaratory judgment, and clearly established that expert reports and other testimony about the Plaintiff's *medical damages* were irrelevant. The *Order* did nothing more and nothing less. State Farm's attempt to infer a bar on discovery related to claims handling from the plain text of the *Order*, and to claim that such a bar is a "logical extension" of the *Order*, are seriously misguided, and border on frivolous advocacy. Under no principle of logic of which this Court is aware can the narrowly circumscribed language of the October 15, 2015 *Order* bar discovery of claims handling, or any other topic not specifically identified by the language of the *Order*.

Having clearly defined the scope of this Court's October 15, 2015 *Order*, it is now possible to address State Farm's first objection. In seeking to limit discovery of claims handling, State Farm relies on the Court's October 15, 2015 *Order* and *Bias v. Nationwide Mut. Ins. Co.*, 179 W.Va. 125 (W. Va. 1987), and *Martin v. State Farm Mut. Auto Ins. Co.*, 809 F.Supp. 2d 496, 502 (S.D.W.Va. 2011). These cases, according to State Farm, stand for the proposition that an "[insurance] policy will be reformed to provide [uninsured motorist] coverage if there was not a commercially reasonable offer of coverage by the insurer and a knowing and informed rejection of the coverage by the insured." (Def. Mem. in Supp. of Objection, at 1.) State Farm argues that applying this test to this case requires "consideration only of State Farm's offer of [uninsured motorist] coverage and [the] plaintiff's rejection of that coverage." (*Id.* at 10.) Under this rationale, "[m]atters related to claim handling, which occurred years after the offer at issue was

6

made, do not inform whether there was a commercially responsible offer and a knowing and informed rejection of that coverage." (*Id*.)

Even if the Court accepts State Farm's summation of West Virginia law, State Farm has failed to show that the Magistrate Judge's findings were clearly erroneous, or contrary to law. The Magistrate Judge did not apply an incorrect test for determining, under West Virginia law, whether uninsured motorist coverage should be read into an insurance contract. Rather, the Magistrate Judge determined that discovery concerning claims handling may be potentially relevant to the remaining claims in this case. State Farm has provided no evidence or argument as to why this finding was incorrect beyond a conclusory statement that such evidence will not "inform" whether a commercially reasonable offer of uninsured motorist coverage was made, and rejected by the Plaintiff. Without more, the Court cannot overturn the findings of the Magistrate Judge.

*B) Topic 6 of the Plaintiff's Rule 30(b)(6) Deposition Notice*

State Farm's second objection concerns topic 6 of the Plaintiff's Rule 30(b)(6) deposition notice. In finding that this topic was relevant to the remaining claims in this case, Magistrate Judge Aboulhosn noted that

> "the distinction between what is a proper inquiry into coverage questions regarding the decision to deny Plaintiff's claim for [uninsured motorist] coverage versus what is claims handling coverage is not a distinction that is relevant to the inquiry. State Farm has not produced any case law or court rule that stands for the principal that claims handling procedures are not relevant when the issue at hand is whether [uninsured motorist] coverage exists."

(Memorandum Opinion and Order, at 8.) The Magistrate Judge then concluded, based on oral argument, that it was likely "State Farm would object to almost any inquiry of the Plaintiff regarding the decision to deny coverage as being a 'claims handling' issue." (*Id*.)

State Farm objects to this finding, claiming that the "narrowly drawn issues in the case" were ignored by the Magistrate Judge. (Def. Mem. in Supp. of Objections, at 13.) State Farm relies upon a decision by former Magistrate Judge VanDervort in an analogous case, where the Magistrate Judge found that "… inquiries respecting prior policies containing different language, decisions to implement or change the policies' terms, notices respecting those decisions and the correlation between premiums and coverages are clearly not relevant to the claims and defenses of the parties." (*Id*. at 13-14, quoting *Walker v. State Farm Mut. Auto Ins. Co.*, Civil Action No. 5:11-0529, 2012 U.S. Dist. Lexis 48476, **31-33 (S.D.W.Va. April 5, 2012) (VanDervort, M.. J.). State Farm claims that "[t]he same analysis should have been applied in this case," and had the Magistrate Judge "analyzed the declaratory judgment issue and what this Court would need to know in order to resolve that issue," the Magistrate Judge would have reached a different conclusion. (*Id*. at 14.) Specifically, State Farm argues that the:

> "[c]onclusion would have been that the issue is whether in September 1993, State Farm made a commercially reasonable offer of [uninsured motorist] coverage to [the] plaintiff and whether [the] plaintiff made a knowing and informed rejection of that coverage."

*Id*. Having properly identified the legal issue in the case, State Farm argues that the Magistrate Judge "should have analyzed whether discovery into claim handling was relevant to the narrow issue of a commercially reasonable offer and a knowing and informed rejection."

The Court finds no evidence that the Magistrate Judge's analysis and conclusions as to topic 6 were clearly erroneous or contrary to law. The Magistrate Judge properly assessed State Farm's claim, noted the lack of precedential support, and further indicated that, based on State Farm's position at the February 9, 2016 hearing, "State Farm would object to almost any inquiry of the Plaintiff regarding the decision to deny coverage as being a "claims handling" issue."

8

(Memorandum Opinion and Order, at 8.) In objecting to the Magistrate Judge's conclusions, State Farm provides only one citation in support of its argument – former Magistrate Judge VanDervort's decision in *Walker*.

In *Walker*, the Magistrate Judge granted the defendant's motion to quash the plaintiff's 30(b)(6) deposition notice, and denied the plaintiff's motion to compel. Before ruling on these motions, the Magistrate Judge noted that a parallel proceeding on the same issue was pending in the West Virginia Supreme Court of Appeals, and that this Court had issued an *Order* which narrowly set forth the issue in the case – whether:

> "under West Virginia law and public policy the [insurance] policy is void and unenforceable and … [the insurer] is not entitled to an offset from the amount paid under the Medical Payments Coverage portion of the policy for claims under the Underinsured Motor Vehicle Coverage portion of the policy."

*Meadows*, 2012 U.S. Dist. Lexis 48476, at *25. The Magistrate Judge found that such circumstances "counsel[ed] limiting the scope of discovery at this point to matters relevant to the parties' claims and defenses respecting Plaintiff's claim for declaratory relief." *Id*. Reviewing those claims and defenses, the Magistrate Judge found that they were "sharply focused upon a very limited set of facts," with the key issue being the validity, under West Virginia law, of language in the insurance contract providing that damage payments for bodily injury could be reduced by offsets from other policy payments. *Id*. at *31-32. To answer this question, the Magistrate Judge found that the District Court would need to know only "the exact language of the insurance policy covering the accident, and perhaps a few facts indicating how the Defendant applied it." *Id*. at 32. The Magistrate Judge found that the plaintiff's other inquiries, including those about prior policies with distinct language, corporate decisions to modify policy terms, notices respecting such

9

decisions, and the correlation between coverage and premium, were irrelevant. *Id*. The Magistrate Judge, therefore, granted the defendant's motion to quash. *Id*.

State Farm argues that Magistrate Judge Aboulhosn should have conducted a similar analysis in this case, and that if he had done so, he would have reached a different result. The Court cannot agree. In *Walker*, Magistrate Judge VanDervort identified the legal issue before the Court, and then reached a legal conclusion as to whether the discovery sought by the plaintiff was relevant to that issue. The Magistrate Judge performed the same analysis in this case, and determined that issues related to topic 6, or "[t]he decision to deny Plaintiff's claim for underinsured motorist coverage regarding the March 26, 2013 motor vehicle accident, including individuals who were consulted and involved," were relevant. The Court finds no basis to support a conclusion that this finding by the Magistrate Judge was contrary to law. The issues before the Court in this case are not nearly as narrow as in *Walker*, where the Magistrate Judge found that the Court only needed to know the language of the policy, and possibly a "few facts" about how the defendant applied the language. Even if the Court accepts State Farm's narrow version of the issues remaining in this case – whether there was a commercially reasonable offer of uninsured motorist coverage by State Farm, and a knowing and informed rejection of the coverage by the Plaintiff – State Farm provides no compelling reason why the information sought in topic 6 is irrelevant to this inquiry. The information sought in topic 6 may be relevant to the parties' claims and defenses in this case, and *Walker* does not command a different result. Further, under the terms of the Magistrate Judge's *Memorandum Opinion and Order*, State Farm retains the right to object to questions on topic 6 during the deposition on relevance and other grounds, and to present those objections to this Court at the appropriate time.

Finally, State Farm claims that the Magistrate Judge "failed to appreciate" that the Plaintiff "waived his ability to pursue the line of questioning set forth in topic 6." (Def. Mem. in Supp. of Objection, at 14.) More precisely, State Farm claims that because it objected to questions which relate to topic 6 during interrogatories, and the Plaintiff failed to file a subsequent motion to compel within thirty days of receiving these objections, the Plaintiff waived his right to subsequent deposition discovery on the same issues under Local Rule of Civil Procedure 37.1. (*Id.* at 14-15, citing *Meadows v. Allstate Ins. Co.*, Civil Action No. 2:05-cv-00185, 2006 U.S. Dist. Lexis 55958, at *3 (S.D.W.Va. Aug. 4, 2006) (Stanley, M. J.) State Farm argues that because the Plaintiff failed to file a motion to compel in a timely fashion after receiving State Farm's responses to written discovery, he "should not have been permitted to 'circumvent' Local Rule 37.1 by means of a Rule 30(b)(6) deposition." (*Id.*)

Rule 37.1 of the Local Rules of Civil Procedure provides, in relevant part, that "[m]otions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order." L.R.Civ.P. 37.1. Here, State Farm argues that the failure of the Plaintiff to timely move to compel a response to its interrogatories relevant to topic 6, following State Farm's timely objection, constitutes waiver of the Plaintiff's right to compel a response not only to the interrogatories, but to any deposition testimony relevant to topic 6. The language of the rule does not dictate such a result.

Furthermore, Magistrate Judge Stanley's opinion in *Meadows*, which State Farm regards as dispositive on this point, in fact, addresses a very different procedural situation. As noted by Magistrate Judge Stanley, in *Meadows*, District Judge Chambers had previously denied the

11

plaintiff's request to extend a discovery deadline in order to complete additional depositions. Meadows, 2006 U.S. Dist. Lexis 55958, at *2. In support of this decision, Judge Chambers reasoned that the "[p]laintiff had been aware of these witnesses for many months, and was without excuse for failing to pursue discovery within the period set by the scheduling order." *Id*. at *3. Magistrate Judge Stanley had also denied a subsequent motion to compel filed by the plaintiff, reasoning that the "depositions sought duplicated the written discovery which Plaintiff had previously filed and then abandoned for four months before noticing the depositions." *Id*. Magistrate Judge Stanley had "agreed with the Defendant that the Plaintiff could not duplicate its abandoned written discovery with last-minute depositions, and thereby circumvent the Local Rules' requirement that motions in aid of discovery be filed within 30 days." *Id*.

What State Farm apparently fails to grasp is that, despite its selective choice of favorable dicta, the procedural posture of the Plaintiff's requested depositions in *Meadows* is distinct from this case. In *Meadows*, the driving factor in the Court's decision was that the Plaintiff sought to extend the discovery deadline and compel additional depositions beyond the timeline set forth in the scheduling order. Only in that circumstance did the plaintiff's failure to move to compel a response to its interrogatories become a factor in denying further deposition discovery. Both Judge Chambers and Magistrate Judge Stanley emphasized the *timing* of the deposition requests. Judge Chambers noted that the plaintiff was "without excuse" for failing to complete discovery in a timely manner, while Magistrate Judge Stanley emphasized the plaintiff's request for "last minute depositions." These decisions correspond to the language of Local Rule 37.1, which notes that a Plaintiff's failure to move to compel discovery shall "in no event provide an excuse, good cause or reason to *delay trial or modify the scheduling order*." L.R.Civ.P. 37.1 (emphasis added).

12

The timing of the Plaintiff's deposition notices is not an issue in this case. The Court's scheduling order of April 9, 2015 (Document 11) required that all depositions be complete by November 16, 2015. The Plaintiff properly filed the notice to take depositions at issue in this case prior to the deadline, on November 11, 2015, and State Farm moved for a protective order on November 13, 2015. Although the deposition will ultimately take place beyond the timeline set forth in the scheduling order, the Plaintiff is not responsible for that delay and has not been dilatory in seeking discovery.

*C) Topic 7 of the Plaintiff's Rule 30(b)(6) Deposition Notice*

State Farm's final argument concerns topic 7 of the Plaintiff's Rule 30(b)(6) deposition notice, which sought testimony on the "formation and interpretation of Policy Number 243 8047-F05-48D insuring Kyle Handy and in effect on March 26, 2013." The Magistrate Judge found that this topic was "relevant to the case at hand," and also relevant "to the issue of whether a commercially reasonable offer of [uninsured motorist] coverage was made and whether the plaintiff exercised a knowing and informed rejection" of the coverage. (Memorandum Opinion and Order, at 9.)

State Farm objects to this finding, arguing that it was "conclusory" and that testimony about the "formation and interpretation" of the policy in this case is irrelevant to the issues remaining before the Court. (Def. Mem. in Supp. of Objection, at 17.) On the subject of formation, State Farm states that it is "impossible to comprehend" how the formation of a policy, "which was already in force at the time of the [underinsured motorist] offer, has any bearing" on the issue before the Court. (*Id*.) Beyond mere disagreement with the Magistrate Judge's conclusions, State Farm provides no evidence, precedent, or even argument, as to why such a finding is

13

"impossible to comprehend." However, formation of the policy is clearly connected to the declaratory judgment issues regarding coverage.

State Farm argues that the Magistrate Judge's conclusions on the relevance of testimony about the interpretation of the contract are incorrect. State Farm argues that there is "absolutely no dispute" about the policy language relating to underinsured motorist coverage, that it "previously provided" a copy of the policy to the Plaintiff, and that "no issues have been raised relating to the "interpretation" of this policy. (Def. Mem. in Supp. of Objection, at 18.) Unfortunately, State Farm once again fails to cite any precedent, or even to provide a compelling legal argument as to why this evidence is irrelevant as a matter of law. State Farm merely disagrees with the conclusions of the Magistrate Judge. Mere disagreement, without more, is insufficient to support a conclusion that the findings of the Magistrate Judge were clearly erroneous or contrary to law.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that *State Farm Mutual Automobile Insurance Company's Objections to Memorandum Opinion and Order Entered February 11, 2016* (Document 104) be **OVERRULED** and that the *Motion to Stay Magistrate Judge's Memorandum Opinion and Order Entered February 11, 2016* (Document 103) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this *Order* to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: March 3, 2016

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA